[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14801
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80064-KAM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW FITZGERALD SAINT AUBYN BRISSETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Fitzgerald Saint Aubyn Brissett appeals the below the guidelines

range sentence of 36-months that he received after pleading guilty to attempted

re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Brissett contends that his below-the-guidelines-range sentence is procedurally unreasonable because the district court "faile[ed] to set out the factors in 18 U.S.C. § 3553(a)," and substantively unreasonable because the sentence was greater than necessary.

I.

Brissett is a citizen and native of Jamaica. In 1981, at age 16, he moved to the United States with his family. From 1985 to 1991 he served as a reservist in the United States Army, and he was honorably discharged. In 1993 he was arrested and charged with possession with intent to distribute cocaine. In 1994 he was arrested and charged with possession with intent to distribute heroin. He pleaded guilty to those offenses and was sentenced to concurrent 18-month prison sentences. In 1997 he was arrested and charged with carjacking, assault in the second degree, and burglary in the fourth degree. Those charges were nolle prossed.

In 2003 Brissett was arrested and charged with possession of heroin, possession with intent to distribute heroin, possession of 28 grams or more of heroin with intent to distribute, and false statements to a peace officer. He was found guilty of those offenses and received a five year sentence. Brissett was then

removed to Jamaica. At that time Brissett was in a relationship with an American woman and had three American children whom he periodically supported.

In 2010 Brissett attempted to illegally re-enter the United States aboard a shipping vessel. United States Customs and Border Protection officials intercepted the vessel and arrested him. Brissett later pleaded guilty to attempting to illegally re-enter the United States. Under the guidelines he had a base offense level of 8. Brissett received a 16-level enhancement because he had previously been deported following a conviction for a felony drug-trafficking offense, and a 3-level reduction based on his acceptance of responsibility, resulting in an adjusted offense level of 21. Based on his 2003 convictions Brissett had a criminal history category of II. Accordingly, the recommended sentence range under the guidelines was 41 to 51 months imprisonment.

Brissett requested a below-the-guidelines-range sentence and the government recommended a sentence at the low end of the guidelines. The district court, after stating that it had "considered the statement[s] of all the parties, the presentence report . . . as well as the statutory factors set forth in 18 U.S.C. [§] 3553(a)," imposed a below-the-guidelines-range sentence of 36-months imprisonment. Brissett appealed, arguing that his sentence was substantively unreasonable because it was not even further below the guidelines range.

3

## II.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.2010). First, we determine "whether the district court committed any significant procedural error," and second we determine "whether the sentence is substantively reasonable under the totality of the circumstances." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Id.

When determining if a sentence is procedurally reasonable, among the issues we review is whether the district court failed to consider the appropriate statutory factors or whether it failed to adequately explain the sentence it imposed. See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir.2008). However, a district court is not required to "state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Brissett argues that his sentence is procedurally unreasonable because the district court did not consider the § 3553(a) factors. We disagree. The district

court stated that it considered the § 3553(a) factors when imposing Brissett's sentence. His sentence is not procedurally unreasonable.

To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir.2010). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted).

The totality of the circumstances show that Brissett's 36-month sentence was reasonable. The sentence was below the range recommended by the guidelines and takes into account his service, family, and criminal history.

**AFFIRMED.**